# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

Case No.: _____ (To be assigned)

In re GERONIMO VELASCO,

*Petitioner*

On Petition for Writ of Mandamus to the

United States District Court for the

Northern District of California

District Court Case No. 3:24-cv-05307-VC

The Honorable Vince Chhabria

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUL 10 2025

FILED
DOCKETED _____ _____
DATE               INITIAL

# EMERGENCY PETITION FOR WRIT OF MANDAMUS
# AND MOTION FOR IMMEDIATE INTERVENTION
*Pursuant to 28 U.S.C. § 1651(a), Fed. R. App. P. 21,*
*Ninth Circuit Rules 21-1 and 27-3*

**GERONIMO VELASCO**
23480 Nevada Road
Hayward, CA 94541
Tel: (510) 399-8028
Email: monongiko@aol.com
*Petitioner Pro Se*

# TABLE OF CONTENT

I.    EMERGENCY NATURE AND RELIEF SOUGHT ....................................1

II.   JURISDICTION ...................................................................................4

III.  ISSUES PRESENTED ........................................................................4

IV.  STATEMENT OF THE CASE ...........................................................5

V.   REASONS WHY THE WRIT SHOULD ISSUE ...........................................7

VI.  THE FIVE BAUMAN FACTORS ARE CONCLUSIVELY SATISFIED 9

VII. THE DISTRICT COURT VIOLATED NON-DISCRETIONARY

DUTIES ........................................................................................................15

VIII.  IRREPARABLE HARM WITHOUT IMMEDIATE RELIEF ...........16

IX.  PRAYER FOR RELIEF ..............................................................................18

X.  CONCLUSION ................................................................................................19

## I.    EMERGENCY NATURE AND RELIEF SOUGHT

### A. The Institutional Emergency Requiring Immediate Action

While Petitioner urgently seeks protection from irreparable harm, **the nature of the alleged "fraud on the court" presents an institutional emergency that**

**demands the immediate attention of this Court.** The integrity of the judicial process is at stake. If a district court moots constitutional motions based on a fabricated or void proceeding—without record, notice, or legal basis—then this Court bears a constitutional responsibility to intervene to safeguard public confidence in the rule of law and the impartiality of the judiciary.

**Petitioner is powerless to compel the District Court to fulfill its Article III obligations.** When a federal court refuses to rule on jurisdictional or constitutional motions—declaring them "premature" and then "moot" without adjudication—mandamus becomes not just appropriate, but necessary. This Court alone possesses the supervisory authority to correct such a structural breakdown.

### B. The Core Constitutional Questions

The question is not simply whether a single hearing occurred improperly, but whether a district court may:

1. Moot a pending jurisdictional motion without ruling,

2. Treat a phantom hearing as valid without a court order or notice, and

3. Dismiss constitutional challenges without findings, thereby denying due process.

**If this can happen without appellate intervention, there is no remedy left for violations of fundamental rights.**

### C. Emergency Justifications

1. **Rule 11 Safe Harbor Period expires July 13, 2025** - sanctions threatened without jurisdiction resolved

2. **Settlement Conference scheduled August 1, 2025** - proceeding without determining claim scope

3. **Constitutional violations ongoing daily** - procedural due process denied continuously

4. **Judicial impossibility created** - Court declares motions both "premature" and "moot" simultaneously

**D. Relief Requested Within 48 Hours**

1. **IMMEDIATE STAY** of all District Court proceedings

2. **WRIT OF MANDAMUS** compelling adjudication of constitutional and jurisdictional issues

3. **CANCELLATION** of August 1, 2025 settlement conference

4. **EXPEDITED BRIEFING** schedule for full resolution

**E. No District Court Certification Required**

Unlike interlocutory appeals under 28 U.S.C. § 1292(b), mandamus under 28 U.S.C. § 1651(a) requires NO district court certification. This Court has independent authority to issue writs when district courts exceed their authority or refuse to perform mandatory duties. *Cheney v. U.S. Dist. Court*, 542 U.S. 367 (2004).

## II.   JURISDICTION

This Court has jurisdiction to issue a writ of mandamus under:

- **28 U.S.C. § 1651(a)** - The All Writs Act

- **Fed. R. App. P. 21** - Writs of Mandamus and Prohibition

- **Ninth Circuit Rule 21-1** - Petitions for Writs

- **Ninth Circuit Rule 27-3** - Emergency Motions

The District Court's refusal to exercise Article III judicial power creates extraordinary circumstances warranting this Court's immediate intervention.

## III.   ISSUES PRESENTED

### A. Constitutional Questions

1. Whether a federal district court may declare constitutional challenges both "premature" and "moot" without issuing findings or legal reasoning?

2. Whether a District Court may treat a phantom hearing as valid without order, notice, or calendar?

### B. Mandamus Questions

3. Whether an OSC discharge—issued without explanation—may be used as a shield to avoid adjudicating motions tied to the same conduct the OSC was investigating?

4. Whether mandamus is appropriate when a district court systematically evades its Article III duty to decide constitutional questions through contradictory procedural rulings?

Thus, the Petition presents two interlocking questions that create a constitutional deadlock that only this Court can resolve.

## IV. STATEMENT OF THE CASE

### A. The Constitutional "Catch-22" Timeline

The District Court has created an unprecedented procedural entanglement and due process breakdown:

| Date | Docket | District Court Action | Constitutional Problem |
|------|--------|----------------------|------------------------|
| May 7, 2025 | Tab G-2 (Dkt. 42) | Cancels settlement conference | States tolling "must be resolved first" |
| May 28, 2025 | Dkt. 57 | Vacates tolling hearing | One day before scheduled hearing |
| June 6, 2025 | Tab S (Dkt. 61) | Denies tolling as "premature" | Creates logical impossibility |
| June 6, 2025 | Tab T-1 (Dkt. 62-63) | Holds unnoticed hearing | Violates due process |
| June 27, 2025 | Tab Y (Dkt. 68) | Declares motions "moot" | Without any analysis |

| | | | |
|---|---|---|---|
| July 2, 2025 | Tab AA (Dkt. 73) | Denies reconsideration | No explanation provided |
| July 2, 2025 | Dkt. 74 | Schedules new settlement | Tolling still unresolved |

## B. The Sequence Creating the Procedural Void

**The District Court's unexplained discharge of its own Order to Show Cause (OSC)—despite serious allegations of procedural misconduct—was immediately followed by its refusal to adjudicate Petitioner's motions that sought clarification and constitutional resolution** (Dkts. 65, 66, 71). Each was denied or mooted without findings or explanation, in violation of Rule 52(a) and Article III obligations.

Petitioner subsequently filed a motion for reconsideration to preserve the record and request proper adjudication, but the Court again denied relief without addressing the core constitutional questions or the factual record showing a void June 6 hearing. **This sequence constitutes a textbook denial of procedural due process and undermines confidence in the integrity of the judicial process.**

## C. The Jurisdictional Crisis

1. **Eight of nine causes of action depend on equitable tolling determination** (Tab B, Dkt. 12, Amended Complaint; Tab C-1, Dkt. 13-3, Request for Equitable Tolling).

2. **Direct evidence of discrimination exists** (Tab C-2, Dkt. 13-5: manager's written admission; Tab C-3, Manager Settlement Offer & Admissions).

3. **Independent witness corroboration** (Tab C-4, Independent Witness Declaration).

4. **Without tolling ruling, neither party knows which claims exist for settlement.**

5. **Court refuses to determine claim scope before mandating settlement participation.**

## D. Constitutional Challenges Systematically Ignored

Petitioner properly presented constitutional challenges in:

- **Tab V (Dkt. 65)** - Constitutional challenge to unnoticed proceedings
- **Tab CC (Dkt. 71)** - Renewed constitutional motion with full briefing
- **Both denied without findings, analysis, or explanation**

Supporting evidence shows systematic constitutional avoidance (Tab BB, Official Transcript showing coordinated mootness strategy).

## V. REASONS WHY THE WRIT SHOULD ISSUE

### A. The District Court Has Abandoned Its Article III Duty

**This framing anchors the petition in judicial structure and procedure—not just personal grievance.**

1. **Marbury v. Madison Violation**

*Marbury v. Madison*, 5 U.S. 137 (1803): "It is emphatically the province and duty of the judicial department to say what the law is." The District Court refuses to "say what the law is" on constitutional challenges.

2. **Systematic Evasion Pattern**

   o  First declares motions "premature" (Tab S)

   o  Then declares same motions "moot" (Tab Y)

   o  Creates judicial impossibility preventing review

## B. Rule 52(a) Violations Demonstrate Clear Error

Federal Rule 52(a) requires: "the court must find the facts specially and state its conclusions of law separately."

**District Court's violations:**

- No findings on constitutional claims (Tab S, Tab Y, Tab AA)

- No legal analysis provided

- No explanation for denials

- No conclusions stated

## C. The "Catch-22" Violates Due Process

The Fifth Amendment prohibits arbitrary governmental action. Here:

1. Court says tolling must be resolved before settlement (Tab G-2, Dkt. 54)

2. Court denies tolling as "premature" (Tab S, Dkt. 61)

3. Court declares tolling "moot" (Tab Y, Dkt. 68)

8

4. Court schedules settlement anyway (Dkt. 74)

**Result: Logical impossibility denying all paths to relief.**

**D. Unresolved Tolling Creates Jurisdictional Void**

Without tolling determination:

- Parties cannot assess settlement value

- Court lacks clarity on claims to mediate

- Rule 16 conference requirements impossible

- Entire proceeding constitutionally infirm

## VI.  THE FIVE BAUMAN FACTORS ARE CONCLUSIVELY SATISFIED

This Court evaluates five factors for mandamus relief. *Bauman v. U.S. Dist. Court*, 557 F.2d 650 (9th Cir. 1977). **All five are conclusively met here.**

**FACTOR 1: Petitioner Has No Other Adequate Means to Attain Relief**

**Analysis:** The District Court's "Catch-22" eliminates all alternatives:

- **Cannot appeal** - No final judgment exists

- **Cannot obtain interlocutory review** - Court refuses to certify

- **Cannot proceed in district court** - All motions declared "premature" or "moot" (Tabs I, V, W-1/W-2, Z, HH)

- **Cannot pursue administrative remedies** - None exist for constitutional violations

**Key Point:** Waiting for final judgment would require Petitioner to participate in constitutionally void proceedings, waive jurisdictional defenses, and suffer irreparable harm. This is not an "adequate" remedy.

**Precedent:** *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004) (mandamus appropriate when petitioner has "no other adequate means").

**Conclusion: SATISFIED** - Mandamus is the only path to constitutional review.

**FACTOR 2: Petitioner's Right to Issuance of the Writ is Clear and Indisputable**

**The District Court's Complete Failure to Adjudicate Equitable Tolling**

The District Court **never adjudicated** Plaintiff's equitable tolling claim on the merits. The procedural history demonstrates complete abdication of judicial responsibility:

1. **Initial Motion Filed** (Tab I, Dkt. 48): Plaintiff properly presented equitable tolling with supporting evidence

2. **Denied Without Merits Review** (Tab S, Dkt. 61): Court called it "premature" - purely procedural rejection

3. **Reconsideration Sought** (Tabs W-1/W-2, Dkts. 66, 66-1): Plaintiff timely challenged the procedural denial

4. **Declared "Moot"** (Tab Y, Dkt. 68): Court refused to rule, citing discharge of unrelated OSC (Tab BB, Transcript)

5. **Constitutional Challenge** (Tab CC, Dkt. 71): Plaintiff raised due process and Rule 52(a) violations

6. **Summary Denial** (Tab AA, Dkt. 73): Court issued one-line denial with no explanation

**The Three Non-Discretionary Duties Violated:**

1. **Article III Duty to Decide Federal Questions**

   o *Cohens v. Virginia*, 19 U.S. 264 (1821): Federal courts MUST exercise jurisdiction

   o *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998): Jurisdiction MUST be determined first

   o No discretion exists to avoid jurisdictional determinations

2. **Rule 52(a) Mandatory Requirements**

   o "The court must find the facts specially and state its conclusions of law separately"

   o *Pullman-Standard v. Swint*, 456 U.S. 273 (1982): This duty is mandatory, not discretionary

   o Complete failure to provide findings or conclusions

3. **Due Process Obligation**

   o *Mathews v. Eldridge*, 424 U.S. 319 (1976): Meaningful opportunity to be heard

o Cannot create procedural impossibilities

o Cannot conduct proceedings without determining scope of claims

**Why This Creates a Clear and Indisputable Right:**

When a court:

- Refuses to adjudicate a properly presented issue

- That issue is jurisdictional and outcome-determinative

- Creates a procedural impossibility (premature AND moot)

- Violates mandatory procedural rules

The right to mandamus becomes clear and indisputable. *Will v. United States*, 389 U.S. 90, 95 (1967).

**Conclusion: SATISFIED** - Multiple clear, non-discretionary duties violated.

**FACTOR 3: The Writ is Appropriate Under the Circumstances**

**Analysis:** Extraordinary circumstances warrant extraordinary relief:

1. **Systematic Judicial Evasion**

   o Pattern of avoiding constitutional duties (Tabs I, V, W-1/W-2, Z, CC)

   o Created impossible procedural loop

   o No federal court should operate this way

2. **Rule of Law at Stake**

   o If courts can avoid constitutional review through procedure

   o Constitution becomes meaningless in federal court

          o   Dangerous precedent for all litigants

3. **The "Catch-22" Is Unprecedented**

Research reveals no case where a federal court has:

          o   Declared the same motion both "premature" and "moot"

          o   Created temporal impossibility for constitutional review

          o   Refused Rule 52(a) findings while denying constitutional challenges

**Precedent:** *Schlagenhauf v. Holder*, 379 U.S. 104, 110 (1964) (mandamus for "new and important problems").

**Conclusion: SATISFIED** - Circumstances are truly extraordinary.

**FACTOR 4: No Other Adequate Judicial Remedy Available**

**Analysis:** Every alternative is foreclosed:

- **Motion practice** - Denied as "premature" then "moot" (Tabs I, V)

- **Reconsideration** - Denied without explanation (Tab AA, Dkt. 73)

- **Protective orders** - Unavailable for constitutional issues

- **Collateral proceedings** - No parallel remedy exists

**The "Catch-22" Effect:**

- Too early to raise (premature)

- Too late to raise (moot)

- Never right time = no remedy

**Conclusion: SATISFIED** - District court eliminated all remedies.

**FACTOR 5: Extraordinary or Emergency Circumstances Exist**

**Analysis:** Multiple emergencies converge:

1. **Immediate Deadlines**

   o   Rule 11 deadline: July 13, 2025 (6 days)

   o   Settlement conference: August 1, 2025 (25 days)

2. **Ongoing Constitutional Violations**

   o   Due process denied daily (Tab EE-1, ongoing harm timeline)

   o   Article III duties abandoned

   o   Forced participation in void proceedings

3. **Public Interest at Stake**

   o   If district courts can evade review through contradictory rulings

   o   Every litigant—especially pro se parties—loses protections

   o   Federal judicial integrity compromised

**Precedent:** *United States v. U.S. Dist. Court*, 407 U.S. 297 (1972) (mandamus for constitutional violations).

**Conclusion: SATISFIED** - True judicial emergency exists.

**Summary: All Five Factors Overwhelmingly Support Mandamus**

This is not a close case. The District Court has:

• Created an impossible procedural maze

• Refused to adjudicate jurisdictional issues

- Violated clear non-discretionary duties

- Denied all alternative remedies

- Caused ongoing emergency harm

**Mandamus is not just appropriate—it is essential to preserve the rule of law.**

## VII. THE DISTRICT COURT VIOLATED NON-DISCRETIONARY DUTIES

### Even Accepting District Court's Position, Mandamus is Required

Even if the Court had discretion in case management (it doesn't on these issues), creating a logical impossibility where motions are both "premature" and "moot" exceeds any lawful discretion. No court has discretion to violate logic itself.

**The Three Mandatory Duties That Remove All Discretion:**

1. **RULE 52(a) - MANDATORY LANGUAGE**

   o Text: "the court MUST find facts"

   o Text: "MUST state conclusions of law"

   o Zero discretion to skip this requirement

   o *Pullman-Standard v. Swint*, 456 U.S. 273, 287 (1982): "Rule 52(a) broadly requires that findings of fact not be set aside unless clearly erroneous"

2. **ARTICLE III - CONSTITUTIONAL MANDATE**

   o Federal courts MUST exercise jurisdiction over federal questions

- CANNOT refuse to adjudicate constitutional challenges
- *Cohens v. Virginia*, 19 U.S. 264, 404 (1821): "We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given"

### 3. DUE PROCESS - FUNDAMENTAL REQUIREMENT

- MUST provide notice and opportunity to be heard
- CANNOT create procedural impossibilities
- *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976): Due process requires "notice and opportunity for hearing appropriate to the nature of the case"

When a district court violates mandatory duties, mandamus is not just appropriate, it is the ONLY remedy. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 309 (1989).

## VIII.   IRREPARABLE HARM WITHOUT IMMEDIATE RELIEF

### A. Constitutional Harm (Ongoing Daily)

#### 1. Article III Abandonment

- Federal court refusing judicial power
- Dangerous precedent for all litigants

#### 2. Due Process Violations

- Unnoticed hearings conducted (Tab T-1, Dkt. 62)
- Procedural rights denied systematically

16

3. **Equal Protection Concerns**

  o  Pro se litigant subjected to impossible standards

  o  Sophisticated parties would never face this treatment

## B. Practical Harm (Immediate)

1. **Invalid Settlement Conference**

  o  August 1 conference without claim scope (Tab G-2, Dkt. 74)

  o  Parties cannot meaningfully negotiate

  o  Forced to discuss claims that may not exist

2. **Sanctions Exposure**

  o  Rule 11 deadline approaching (July 13) (Tab T-1, Order to Show Cause)

  o  No opportunity to address jurisdiction

  o  Threatened with sanctions for pursuing unclear claims

3. **Ongoing Personal Harm**

  o  Workplace violence incident February 27, 2025 (Tab EE-1, Tab EE-4)

  o  Unable to work since incident (Tab EE-1)

  o  Medical crisis and suicidal ideation (Tab EE-2)

  o  Financial hardship - $2,000+ withheld disability payments (Tab EE-3)

  o  Mental health treatment denied (Tab EE-5)

## C. Precedential Harm (Long-term)

If district courts can evade constitutional review through contradictory procedural rulings:

- Constitutional protections become illusory
- Pro se litigants lose all remedies
- Federal courts escape accountability

## IX.    PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests this Court:

### A. IMMEDIATELY (Within 48 Hours):

1. **ISSUE** an emergency stay of all District Court proceedings
2. **GRANT** this Petition for Writ of Mandamus
3. **ORDER** the District Court to vacate its July 2, 2025 orders
4. **CANCEL** the August 1, 2025 settlement conference

### B. UPON FULL CONSIDERATION:

5. **MANDATE** the District Court to:

   o Conduct proper Rule 52(a) analysis of constitutional challenges

   o Issue findings and conclusions on equitable tolling (Tab C-1)

   o Determine jurisdiction before proceeding further

   o Provide reasoned decisions with legal analysis

6. **ESTABLISH** expedited briefing schedule:

   o Response due within 7 days

- o Reply due within 3 days

- o Oral argument within 30 days

7. **RETAIN** jurisdiction to ensure compliance

8. **AWARD** such other relief as justice requires

## X.  CONCLUSION

This case presents a fundamental test of judicial accountability. The District Court has created a procedural "Catch-22" that makes constitutional review impossible, declaring motions simultaneously "premature" (Tab S) and "moot" (Tab Y) while proceeding with substantive case events.

**This is not mere error—it is abandonment of Article III duties.** When a federal court refuses to adjudicate constitutional challenges through procedural gamesmanship, only this Court can restore the rule of law.

The District Court never once addressed the merits of Petitioner's equitable tolling claim (Tab C-1), which determines the scope of 8 of 9 causes of action (Tab B). Instead, it created a procedural impossibility: calling the motion "premature," then "moot," then refusing reconsideration without explanation (Tab AA). This violates three non-discretionary duties: Article III's command to decide federal questions, Rule 52(a)'s mandate for findings and conclusions, and Due Process's guarantee of meaningful hearings.

- o  Reply due within 3 days

- o  Oral argument within 30 days

7. **RETAIN** jurisdiction to ensure compliance

8. **AWARD** such other relief as justice requires

## X.  CONCLUSION

This case presents a fundamental test of judicial accountability. The District Court has created a procedural "Catch-22" that makes constitutional review impossible, declaring motions simultaneously "premature" (Tab S) and "moot" (Tab Y) while proceeding with substantive case events.

**This is not mere error—it is abandonment of Article III duties.** When a federal court refuses to adjudicate constitutional challenges through procedural gamesmanship, only this Court can restore the rule of law.

The District Court never once addressed the merits of Petitioner's equitable tolling claim (Tab C-1), which determines the scope of 8 of 9 causes of action (Tab B). Instead, it created a procedural impossibility: calling the motion "premature," then "moot," then refusing reconsideration without explanation (Tab AA). This violates three non-discretionary duties: Article III's command to decide federal questions, Rule 52(a)'s mandate for findings and conclusions, and Due Process's guarantee of meaningful hearings.

**The Constitution does not permit federal judges to evade their oath through administrative convenience.** *Marbury v. Madison* **means nothing if courts can simply refuse to decide constitutional questions by declaring them both too early and too late.**

The five mandamus factors are overwhelmingly satisfied. Petitioner has no other remedy, clear non-discretionary duties were violated, circumstances are extraordinary, no alternatives remain, and emergency intervention is essential.

**This Court must act immediately to:**

- Restore constitutional accountability
- Enforce mandatory judicial duties
- Protect due process rights (Tab EE-1, ongoing harm)
- Prevent dangerous precedent

**The integrity of federal judicial review depends on this Court's immediate intervention.**

Respectfully submitted,

*/s/ Geronimo Velasco*

**GERONIMO VELASCO**

*Petitioner Pro Se*

23480 Nevada Road

Hayward, CA 94541

# CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2025, I personally filed the attached Emergency Petition for Writ of Mandamus, Combined Supplemental Statement, Comprehensive Appendix (Tabs A–JJ), Rule 27-3 Certificate and Emergency Introduction, with the United States Court of Appeals for the Ninth Circuit at the courthouse in San Francisco, California.

On the same day, I served true and correct copies of these documents by electronic mail on the following parties:

**Counsel for Respondent**

Jason Geller
Email: jgeller@fisherphillips.com
Joseph Crittenden
Email: jcrittenden@fisherphillips.com

**Additional Service:** I also sent a courtesy copy to the Magistrate Judge's courtroom deputy via email at KAWSettlement@cand.uscourts.gov in compliance with local procedures.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 10, 2025, in Hayward, California.

*/s/ Geronimo Velasco*
Geronimo Velasco
Pro Se Petitioner

**Note:** This filing includes supplemental materials (Tabs II and JJ) not originally listed in the Appendix Declaration but added in good faith upon discovery of newly relevant procedural records (e.g., reassignment and contradictory docket activity).

**Note:** Any tab citation discrepancies are unintentional and will be corrected if directed by the Court.

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

**Case No.:** [To be assigned]

**U.S.D.C. No.:** 3:24-cv-05307-VC

**In re:** GERONIMO VELASCO,

Petitioner,

# EMERGENCY PETITION FOR WRIT OF MANDAMUS

# COMBINED SUPPLEMENTAL STATEMENT IN SUPPORT OF EMERGENCY PETITION FOR WRIT OF MANDAMUS

I, Geronimo Velasco, submit this Combined Supplemental Statement demonstrating that the District Court proceedings constitute systematic procedural breakdown requiring immediate mandamus intervention. New evidence conclusively establishes that the June 6, 2025 "phantom hearing" was not an administrative error but the procedural foundation of institutional failure affecting constitutional rights.

## I. THE JUNE 6 HEARING WAS PROCEDURALLY IMPOSSIBLE

### A. Legal Requirements Under Federal and Local Rules

Under Federal Rule of Civil Procedure 16 and N.D. Cal. Local Rule 16-2, a Case Management Conference (CMC) must be:

1. Scheduled by court order or minute entry

2. Docketed in CM/ECF or PACER

3. Noticed to all parties

4. Preceded by joint Case Management Statement filed 7 days before

**Critical Legal Fact:** After Tab E-1/E-2 (Dkt. 29, Feb. 10, 2025) explicitly vacated "ALL previously scheduled court dates," no new CMC could legally occur without a formal court order reinstating it.

### B. The Undisputed Record Proves Procedural Void

**Timeline of Impossibility:**

- **February 28, 2025:** Tab F (Dkt. 39) - Consolidation Order vacated all prior hearings; merged timely second complaint

- **March 18, 2025:** Tab G-1 (Dkt. 41) - Pre-Settlement Conference where defense agrees to settlement despite unresolved tolling (Tab G-3, A-80 - Defense stated they "should be able to evaluate the case for settlement purposes" despite pending jurisdictional questions)

- **March 21, 2025:** Tab H (Dkt. 43) - Defense Answers with affirmative defenses of "Failure to Exhaust Administrative Remedies" and "Statutes of

Limitations" (Tab H, A-87), contradicting their March 18 settlement willingness

- **April 24, 2025:** Tab I (Dkt. 48) - Plaintiff's Tolling Motion filed due to suspicion of defense bad faith delays

- **May 2, 2025:** Defense opposes extension while contradicting earlier discovery statements

- **May 7, 2025 AM:** Tab M-1 (Dkt. 53) - Plaintiff timely responds with Notice of Partial Compliance

- **May 7, 2025 PM:** Tab L (Dkt. 52 at A-149) - Settlement Conference Vacated, canceled 2 days before with no motion ruling

- **May 8, 2025:** Defense opposes tolling motion with baseless facts, falsely claiming Plaintiff violated standing order regarding attachments

- **May 28, 2025:** Hearing vacated on tolling motion one day before the hearing. Tab P, at 212 (Dkt. 57)

- **May 30, 2025:** Defense files CMS (Tab Q, Dkt. 58) referencing non-existent June 6 CMC (Tab U-4, A-271 - Defense email showing intent to mislead and defraud)

- **June 5, 2025:** Future Settlement Conference Set for 9/19 despite tolling still unresolved

- **June 6, 2025:** Court issues OSC (Tab T-1, Dkt. 63) for "failure to appear" at legally void hearing
- **No notice served, no Zoom link provided, no ECF entry exists**

## C. Why Administrative Error Is Legally Impossible

Every possible "mistake" theory fails under scrutiny:

### 1. "Clerical Calendar Leftover" Theory

- **Fatal flaw:** Tab E-1 (Dkt. 29) explicitly vacated the date
- **Legal barrier:** Clerks cannot create hearings without judicial orders
- **Controlling principle:** The public docket controls, not internal calendars

### 2. "Defense Good Faith Belief" Theory

- **Fatal flaw:** Defense filed no notice of hearing, made no request to reset
- **Legal barrier:** Under Rule 11(b)(3), counsel must verify factual assertions
- **Record evidence:** No docket entry cited in their CMS (Tab Q, A-213 to A-218)

### 3. "Judicial Calendar Confusion" Theory

- **Fatal flaw:** The judge personally signed Tab E-1 (Dkt. 29) vacating all dates
- **Legal barrier:** Under FRCP 16, hearings must exist on the public docket
- **Constitutional issue:** Judges cannot rely solely on party statements for sanctions

4

**Legal Conclusion:** No CMC can "accidentally" occur without a court order. The June 6 hearing was procedurally void ab initio.

## II. SYSTEMATIC INSTITUTIONAL BREAKDOWN REQUIRING MANDAMUS

### A. Beyond Case Management: Structural Due Process Failure

The record reveals a pattern that transcends routine docket management and constitutes breakdown in fundamental judicial safeguards:

**1. The Procedural Impossibility Timeline**

- **June 5, 2025:** Settlement conference successfully scheduled (Tab R, Dkt. 59), proving Court knew no CMC existed for June 6

- **June 6, 2025:** OSC issued (Tab T-1, Dkt. 63) for nonappearance at hearing Court knew didn't exist

- **This contradiction demonstrates institutional impossibility to reconcile**

**2. Post-Discovery Pattern of Avoidance**

After the procedural void was exposed, the Court:

- Discharged OSC without acknowledging the fundamental due process violation

- Mooted constitutional challenges (Tab V, Dkts. 65-66; Tab Y, Dkt. 68) without Rule 52(a) findings

- Ignored Petitioner's pre-filed clarification (Tab X-1, Dkt. 67, A-294 to A-296)

- Summarily denied reconsideration (Tab AA, Dkt. 73) without explanation
- Refuses to address Tab CC (Dkt. 75) requesting constitutional ruling (unresolved for 72+ hours)

**B. Evidence Supporting Fraud-on-the-Court Analysis**

Under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, fraud on the court requires: (1) deliberate scheme to interfere with judicial machinery; (2) prevention of legitimate inquiry into truth; and (3) affecting integrity of judicial process.

**Element 1: Scheme to Interfere ✓**

- **Defense fabricated hearing reference** in CMS without docket support (Tab Q, A-213 to A-218; Tab U-4, A-271 - May 30, 2025 email showing intent to mislead)
- **Contradictory positions on settlement readiness** - Defense claimed readiness March 18 (Tab G-3, A-80) then filed statute of limitations defenses March 21 (Tab H, A-87)
- **Court proceedings based on procedurally void foundation**
- **Constitutional motions suppressed** through false procedural premises

**NEW CRITICAL EVIDENCE - Tab DD (A-331):** Defense counsel's June 27 email, requesting withdrawal of Rule 11 exposure, constitutes a tacit admission that the OSC and CMC were based on a procedurally void premise. This private concern, juxtaposed against their public filings and Tab U-4 (A-271) deliberate

misrepresentations, further supports Petitioner's claim of strategic litigation misconduct and deliberate constitutional avoidance.

**Element 2: Prevents Legitimate Inquiry ✓**

- **OSC issued on false premise** of valid hearing (Tab T-1, based on Tab Q misrepresentation)
- **Constitutional challenges mooted** to prevent review of procedural breakdown (Tab Y, Tab BB** transcript coordination)
- **Pattern of refusing to address** core due process violations

**Element 3: Affects Judicial Integrity ✓**

- **Federal court sanctions based on phantom hearing** (Tab T-1, Dkt. 63)
- **Due process violations systematically buried** rather than remedied
- **Ongoing proceedings rest on deliberately fabricated procedural foundation**

**C. The Pattern of Deliberate Constitutional Avoidance**

**1. Dkt. 65 Exposed the Procedural Foundation of the Fraud**

Tab V (Dkt. 65, Emergency Motion) was not merely a "follow-up motion" it was the direct legal and factual challenge to:

- **The false June 6 hearing foundation**
- **Defense's CMS misrepresentation** (Tab Q, Dkt. 58)
- **The Court's OSC issuance based on void proceedings**

- **The fundamental due process violations**

**Critical Point:** Rather than address these constitutional challenges, the Court chose systematic avoidance.

## 2. The Transcript Reveals the Planned Suppression Strategy

(Tab BB, June 27, 2025 Hearing Transcript at A-306 to A-317, received July 2, 2025, pursuant to Transcript Order, Dkt. 69)

At the June 27 OSC hearing, this critical exchange occurred:

**MR. CRITTENDEN:** "Would that moot the motions pending, your Honor?"

**THE COURT:** "I think it should moot all of the pending motions, right?"

**THE COURT:** "Well, all of the pending motions were related to the order to show cause, right, Mr. Velasco?"

**MR. VELASCO:** "Yes, your Honor." (Tab BB, Transcript at A-306 to A-317)

**Constitutional Failure:** The Court made no constitutional analysis of whether proceedings conducted without proper notice violate due process. The mootness determination rested solely on OSC discharge, not on the separate constitutional questions raised in Tab V (Emergency Motion, Dkt. 65).

## 3. Evidence of Premeditated Institutional Avoidance

The sequence reveals deliberate pattern, not coincidence:

- **Petitioner filed Notice of Clarification** (Tab X-1, Dkt. 67, A-294 to A-296) before the Minute Entry posting (anticipating mootness manipulation)

- **Despite defense proving misconduct** through the Judge's own OSC discharge, Court still accepted their mootness suggestion (Tab BB, transcript coordination)
- **Despite live constitutional controversy existing,** Court proceeded with suppression
- **Tab DD (A-331) confirms** defense counsel's private concerns about Rule 11 exposure while publicly maintaining the procedural fiction

**4. The District Court's Conscious Refusal to Address Core Issues**

The District Court's refusal to rule on or substantively acknowledge Petitioner's Tab V (Emergency Motion, Dkt. 65) reflects more than case management discretion—it reflects deliberate avoidance of adjudicating the underlying challenge to the June 6 hearing's legitimacy.

Both Tab T-2 (Dkt. 64, OSC Response, A-224 to A-239) and Tab V (Dkt. 65) directly questioned how such a hearing could occur without a valid scheduling order, documenting that Tab E-1 (Dkt. 29) had vacated all such dates with no reinstatement.

**Rather than address these procedural and jurisdictional claims, the Court:**

- **Discharged the OSC** (thereby implicitly acknowledging the hearing was invalid)

- **Proceeded to moot Tab V** (Dkt. 65) and deny Tab W-1/W-2 (Dkt. 66) without resolving the core fraud-on-the-court theory

- **Created a pattern of systematic suppression** of constitutional review

**Legal Significance:** This demonstrates not institutional error, but institutional strategy to avoid constitutional adjudication while accepting false procedural premises.

## III. MANDAMUS FACTORS COMPEL IMMEDIATE INTERVENTION

### A. Factor 1: Clear and Indisputable Right to Relief

**1. Non-Discretionary Constitutional Duties**

- **Mullane v. Central Hanover Bank:** Notice required before adverse action

- **United Student Aid Funds v. Espinosa:** Proceedings based on void notice remain invalid

- **Cohens v. Virginia:** Federal courts must exercise jurisdiction over constitutional claims

**2. Mandatory Procedural Requirements**

- **Federal Rule 52(a):** "Court must find facts and state conclusions" (mandatory language)

- **Article III Constitutional Mandate:** Courts cannot systematically evade constitutional adjudication

- **Due Process Guarantee:** Right to meaningful opportunity to be heard

### B. Factor 2: No Other Adequate Means to Attain Relief

### 1. District Court Created Procedural "Catch-22"

- **Constitutional motions declared "premature"** (Tab S, Dkt. 61), then **"moot"** (Tab Y, Dkt. 68)

- **Reconsideration denied without explanation** (Tab AA, Dkt. 73)

- **NEW EVIDENCE:** Tab CC (Dkt. 75) filed July 2, 2025, requesting constitutional ruling—remains unresolved (Tab CC, A-318 to A-326)

- **Tab DD (A-331) shows** defense counsel's private acknowledgment of procedural problems while publicly maintaining fiction

### 2. Normal Appeal Inadequate

- **Constitutional claims face waiver/mootness doctrines**

- **Pattern of systematic avoidance** suggests continued evasion

- **Fraud-on-the-court requires immediate supervisory intervention**

### C. Factor 3: Appropriateness Under Extraordinary Circumstances

### 1. Institutional Integrity at Stake

- **Federal courts cannot operate on fabricated procedural foundations**

- **Systematic evasion of constitutional review** threatens rule of law

- **Pro se litigant particularly vulnerable** to coordinated procedural manipulation

### 2. Public Interest in Judicial Accountability

- **If district courts can evade mandamus review** through contradictory rulings
- **While systematically avoiding constitutional adjudication**
- **Constitutional protections become illusory** for all litigants

**D. Factor 4: No Other Adequate Judicial Remedy**

**1. Complete Foreclosure of District Court Relief**

- **All constitutional motions dismissed** without adjudication
- **Pattern demonstrates institutional unwillingness** to address core violations
- **Tab CC (Dkt. 75) silence** confirms ongoing avoidance strategy
- **Tab DD (A-331) reveals** defense counsel's awareness of systemic problems

**2. Standard Appeal Cannot Address Ongoing Institutional Failure**

- Fraud-on-the-court requires immediate correction
- Constitutional violations continue daily
- Settlement proceeding without resolved jurisdictional scope

**E. Factor 5: Emergency Circumstances Requiring Immediate Relief**

**1. Imminent Irreparable Harm**

- **Rule 11 deadline:** July 13, 2025 (sanctions threatened based on fraudulent proceedings)

- **Settlement conference:** August 1, 2025 (proceeding without determining valid claim scope)
- **Daily constitutional violations:** Forced participation in procedurally void proceedings

## 2. Precedential Implications

- Federal judicial integrity compromised by acceptance of false procedural premises
- Dangerous precedent for systematic avoidance of constitutional review
- Particular vulnerability of pro se litigants to institutional manipulation

## IV. THIS TRANSCENDS CASE MANAGEMENT DISCRETION

### A. Beyond Lawful Judicial Authority

Creating procedural impossibilities exceeds any lawful discretion:

- **No court has authority** to sanction parties for missing phantom hearings
- **No discretion exists** to moot motions exposing fundamental procedural violations
- **Due process cannot be suspended** through administrative convenience

### B. Systematic Pattern Requires Supervisory Intervention

The evidence establishes:

1. **Ongoing institutional failure** - Tab CC (Dkt. 75) remains unaddressed
2. **Constitutional violations continue** - Due process denied daily

13

3. **No adequate district court remedy** - Pattern shows systematic avoidance (Tab DD confirms defense awareness)

4. **Public interest demands action** - Federal courts cannot operate on fabricated foundations

## V.   IMMEDIATE RELIEF REQUIRED

### A. Emergency Deadlines Creating Irreparable Harm

- **July 13, 2025:** Rule 11 Safe Harbor expires (sanctions based on void proceedings)

- **August 1, 2025:** Settlement conference (proceeding without resolved jurisdictional scope)

- **Ongoing daily:** Constitutional violations through forced participation in fraudulent proceedings

### B. Requested Relief

This Court must immediately:

1. **STAY** all District Court proceedings pending review

2. **ORDER** District Court to acknowledge June 6 procedural void

3. **MANDATE** adjudication of constitutional claims with proper Rule 52(a) findings

4. **INVESTIGATE** the systematic procedural breakdown

5. **ESTABLISH** expedited briefing for full resolution

## VI.   THE PATTERN CONTINUES: ONGOING DEADLINES DEMONSTRATE SYSTEMATIC COORDINATION

### A. The Strategic Timeline Reveals Coordinated Institutional Manipulation

The pattern of constitutional avoidance serves a specific strategic purpose tied to upcoming deadlines:

**1. Rule 11 Deadline: July 13, 2025**

- **Same judge who created the procedural void** will hear Rule 11 motion
- **Sanctions threatened based on the very fraudulent proceedings** exposed in Tab V (Dkt. 65)
- **Constitutional challenges suppressed** to prevent pre-sanctions review
- **Tab DD (A-331) shows** defense counsel's private concerns about Rule 11 exposure while publicly maintaining procedural fiction

**2. Settlement Conference: August 1, 2025**

- **Proceeding without resolved jurisdictional scope** (equitable tolling still unaddressed)
- **Scheduled immediately after constitutional suppression** through mootness
- **Forces settlement on claims that may not legally exist**

### B. Why the Defense Shows No Concern

The defense counsel's confident suggestion to "moot the motions" (Tab BB, transcript) reveals their awareness that:

- **Constitutional challenges will be suppressed** rather than adjudicated

- **No accountability will result** from their CMS misrepresentation (Tab Q, Dkt. 58, A-213 to A-218)

- **The procedural manipulation will be buried** through institutional avoidance

**<u>Tab DD (A-331) provides smoking gun evidence:</u>** Defense counsel's June 27 email requesting withdrawal of Rule 11 exposure constitutes a tacit admission that the OSC and CMC were based on a procedurally void premise. Combined with Tab U-4 (A-271) - the May 30, 2025 email showing deliberate intent to mislead regarding the fabricated June 6 hearing - this demonstrates coordinated deception spanning multiple months.

This private concern, juxtaposed against their public filings, further supports Petitioner's claim of strategic litigation misconduct and deliberate constitutional avoidance.

This explains the defense's boldness in suggesting mootness immediately after their misconduct was exposed through OSC discharge.

### C. The Institutional Strategy to Defeat Pro Se Constitutional Rights

The coordinated pattern demonstrates:

1. **Create procedural void** (June 6 phantom hearing)

2. **Issue sanctions based on void proceedings** (OSC)

3. **When exposed, bury the evidence** (moot constitutional challenges)

4. **Proceed with substantive case events** (settlement, Rule 11) before constitutional review

5. **Force compliance through threat of sanctions** based on fraudulent foundation

**Tab DD (A-331) confirms** the defense's awareness of this strategy while maintaining public deniability.

This systematic approach effectively neutralizes constitutional protections for pro se litigants who lack sophisticated procedural knowledge to navigate institutional manipulation.

## VII. CONCLUSION

The evidence reveals not isolated procedural errors, but a systematic institutional strategy to avoid constitutional adjudication through coordinated procedural manipulation. The June 6 "phantom hearing" was the foundation—but the pattern of constitutional suppression through Tab S (Dkt. 61), Tab Y (Dkt. 68), Tab AA (Dkt. 73), and the ongoing silence on Tab CC (Dkt. 75) reveals the broader institutional failure.

**The Pattern is Clear and Documented:**

1. **Create false procedural foundation** (June 6 void hearing) supported by Tab U-4 (A-271) deliberate misrepresentations

2. **Issue sanctions based on fabricated proceedings** (OSC)

3. **When constitutional challenges expose the fraud** (Tab T-2/V, Dkts. 64-65), **suppress them through mootness**

4. **Proceed with substantive case events** (settlement, Rule 11) before constitutional review possible

5. **Force compliance through ongoing threats** based on fraudulent foundation

6. **Schedule premature settlement** (Dkt. 74) bypassing procedural safeguards and unresolved jurisdictional questions

**The transcript evidence (Tab BB) proves this was not coincidental but strategically coordinated:**

- **Defense counsel's immediate suggestion** to moot constitutional challenges (Tab BB, Transcript at A-306 to A-317)

- **Court's acceptance without constitutional analysis**

- **Petitioner's anticipatory clarification filing ignored** (Tab X-1)

- **Pattern continues with upcoming July 13 and August 1 deadlines**

**Tab DD (A-331) provides the missing piece:** Defense counsel's private acknowledgment of the procedural problems while publicly maintaining the fiction demonstrates coordinated institutional manipulation.

**Why This Requires Emergency Mandamus:**

- **No district court remedy exists**—the pattern proves systematic avoidance

- **Constitutional violations are ongoing**—daily participation in fraudulent proceedings

- **Time-sensitive deadlines approaching**—Rule 11 and settlement without constitutional resolution

- **Precedential danger**—allowing systematic suppression of constitutional review

When federal courts develop institutional strategies to avoid constitutional adjudication while accepting false procedural premises, only this Court can restore integrity to the judicial process.

**The five mandamus factors are overwhelmingly satisfied** by this documented pattern of systematic constitutional avoidance. **Emergency intervention is essential** to prevent the completion of this coordinated strategy to defeat pro se constitutional rights through procedural manipulation.

**OSC discharge and Tab Q (Dkt. 58) constitute indisputable evidence that:**

- **The Court acted on false premises** (confirmed by Tab U-4, A-271 deliberate misrepresentations)

- **Defense filed statements knowingly unsupported by any docket entry** (Tab G-3 shows contradictory positions on settlement readiness vs. statute of limitations defenses)
- **Due process violations remain unremedied** despite multiple procedural opportunities
- **Tab DD (A-331) confirms** defense counsel's private awareness of these contradictions while maintaining public fiction
- **August 1 settlement order (Dkt. 74)** continues the pattern of bypassing constitutional safeguards

Respectfully submitted,

/s/ Geronimo Velasco

**GERONIMO VELASCO**

*Pro Se Petitioner with Disability*

23480 Nevada Road

Hayward, CA 94541

Tel: (510) 399-8028

Email: monongiko@aol.com

**Dated:** July 10, 2025

**Filed:** July 10, 2025

# DECLARATION UNDER PENALTY OF PERJURY

I, Geronimo Velasco, declare under penalty of perjury under the laws of the United States that:

1. I have personal knowledge of all facts stated in this Combined Supplemental Statement.

2. I have reviewed all docket entries, documents, and communications cited.

3. The June 6, 2025, hearing did not appear on any court docket after Tab E-1 (Dkt. 29).

4. I received no notice, order, or communication scheduling any June 6 hearing.

5. The procedural history described is true and correct to the best of my knowledge.

6. Tab DD (A-331) accurately reflects defense counsel's private communications regarding Rule 11 concerns related to the procedurally void proceedings.

7. Tab U-4 (A-271) accurately reflects the May 30, 2025 email showing defense counsel's deliberate intent to mislead regarding the fabricated June 6 hearing.

8. Tab G-3 (A-80) accurately reflects defense counsel's contradictory positions on settlement readiness versus statute of limitations defenses filed three days later.

Executed on July 10, 2025, at Hayward,

California. */s/ Geronimo Velasco*

GERONIMO VELASCO

**Note:** Any tab citation discrepancies are unintentional and will be corrected if directed by the Court."

# CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2025, I personally filed the attached Combined Supplemental Statement, Comprehensive Appendix (Tabs A–JJ), Emergency Petition for Writ of Mandamus, Rule 27-3 Certificate and Emergency Introduction, with the United States Court of Appeals for the Ninth Circuit at the courthouse in San Francisco, California.

On the same day, I served true and correct copies of these documents by electronic mail on the following parties:

**Counsel for Respondent**

Jason Geller
Email: jgeller@fisherphillips.com
Joseph Crittenden
Email: jcrittenden@fisherphillips.com

**Additional Service:** I also sent a courtesy copy to the Magistrate Judge's courtroom deputy via email at KAWSettlement@cand.uscourts.gov in compliance with local procedures.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 10, 2025, in Hayward, California.

*/s/ Geronimo Velasco*
Geronimo Velasco
Pro Se Petitioner

**Note:** This filing includes supplemental materials (Tabs II and JJ) not originally listed in the Appendix Declaration but added in good faith upon discovery of newly relevant procedural records (e.g., reassignment and contradictory docket activity).

JULY 10, 2025

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUL 10 2025

FILED_____
DOCKETED_____
                    DATE            INITIAL

Clerk of the Court

United States Court of Appeals for the Ninth Circuit

95 Seventh Street

San Francisco, CA 94103

RE: Emergency Petition for Writ of Mandamus

Velasco v. Pentagon Technologies Group, Inc.

U.S. District Court Case No. 3:24-cv-05307-VC

Dear Clerk:

Please find enclosed the following for filing in the above-captioned matter:

1. Emergency Petition for Writ of Mandamus (with attached Form 27-3

   Certificate and Supplemental Statement)

2. Application to Proceed in Forma Pauperis (Form 4)

3. Comprehensive Appendix (Tabs A–JJ), including Declaration and Certificate

   of Service

This submission is made pursuant to Circuit Rule 27-3. Due to financial

hardship and pro se status, Petitioner respectfully files this Emergency Petition

in person, having previously attempted service by email on July 3–5, 2025.

Thank you for your assistance. Please contact me at (510) 399-8028 or monongiko@aol.com if any additional information is needed.

Respectfully submitted,

*/s/ Geronimo Velasco*
Geronimo Velasco
Pro Se Petitioner
23480 Nevada Road
Hayward, CA 94541
Email: monongiko@aol.com
Phone: (510) 399-8028

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

CASE NO.: _____ (TO BE ASSIGNED)
IN RE GERONIMO VELASCO, PETITIONER

## ON PETITION FOR WRIT OF MANDAMUS TO THEUNITED STATES DISTRICT COURT FOR THENORTHERN DISTRICT OF CALIFORNIA

DISTRICT COURT CASE NO. 3:24-CV-05307-VCTHE HONORABLE VINCE CHHABRIA

## <u>MOTION DOCUMENTS</u>
### (ASSEMBLED TOGETHER AND FILED AS ONE SET)

## <u>Include all of the following, in this order (clip or fasten together):</u>

1. ☑ **Title Page**

2. ☑ **Form 27-3 Emergency Certificate (Form 16)**

   • *Includes required 5-point certification*

   • *Addendum included after Item 5 (smoking gun summary)*

3. ☑ **Form 4 – In Forma Pauperis Application**

4. ☑ **Emergency Introduction** *(13 pages – factual and persuasive)*

5. ☑ **Main Emergency Petition for Writ of Mandamus**

   • *Issues Presented*

   • *Statement of the Case*

   • *Bauman factor analysis*

   • *Relief Requested*

6. ☑ **Combined Supplemental Statement in Support of Mandamus**

   - ***Included in each document is the Certificate of Service*** -

   • *With updated citations*

# 🗀 COMPREHENSIVE APPENDIX
## (FILED SEPARATELY)

**Contents:**

- ☑ **Appendix Title Page and Table of Contents**
- ☑ **Tabs A–JJ clearly marked** (physically and cited my filings)
- ☑ **All exhibits paginated sequentially (A-1 to A-366)**
- ☑ **Final Tabs FF, GG, HH, II, JJ included and labeled**
- ☑ **Tab II – Docket Sheet for Reassigned Case**
- ☑ **Tab JJ – Email Regarding Scheduling Settlement Hearing**
- ☑ **Declaration under Penalty of Perjury** (signed, dated today)
- ☑ **Certificate of Service for Appendix** (email or physical)

📑 **Appendix Organization Requirements:**

- Each tab clearly labeled with letter designation
- Sequential pagination throughout entire appendix
- Table of contents with page references
- All exhibits properly authenticated
- Consistent formatting and presentation

Date: _____July 10, 2025_____


Submitted by:

*/s/ Geronimo Velasco*
Geronimo Velasco
Pro Se Petitioner